**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 30 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10076 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00477-KJD-RJJ-1 |
| v. | |
| GAIL BILYEU, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted May 17, 2012
San Francisco, California

Before: THOMAS, McKEOWN, and W. FLETCHER, Circuit Judges.

Gail Bilyeu appeals the criminal forfeiture order and the term of supervised

release imposed by the district court. We affirm. Because the parties are familiar

with the factual and procedural history of this case, we need not recount it here.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

# I

When proper notice is given and forfeiture is authorized by statute, "the district court must impose criminal forfeiture in the amount of the 'proceeds' of the crime." *United States v. Newman*, 659 F.3d 1235, 1239 (9th Cir. 2011). The "proceeds" of a "fraudulently obtained loan equal the amount of the loan" and, in a conspiracy, the "proceeds" "equal the total amount of the loans obtained by the conspiracy as a whole." *Id.* at 1244.

Despite the fact that the government listed three forfeiture statutes in the indictment, Bilyeu had proper notice of the forfeiture because the indictment listed specific forfeiture allegations, including the specific amount of the requested money judgment.

Bilyeu also argues the district court erred by defining the "proceeds" of her offense as the total amount of loans she and her co-conspirator fraudulently borrowed. However, Bilyeu's interpretation of the term "proceeds" is foreclosed by *Newman*, 659 F.3d at 1244.

Sufficient evidence in the record supports the factual basis of the $2,654,000 criminal forfeiture order. Bilyeau agreed with the amounts alleged in the indictment at her change of plea hearing. The government also supported its requested forfeiture amount by filing evidentiary exhibits with the district court.

## II

The district court did not plainly err by misstating Bilyeu's possible term of supervised release during the Rule 11 colloquy. "[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Bilyeu has not demonstrated that the district court plainly erred because the record does not show a "reasonable probability" that she would not have entered the plea but for the error.

**AFFIRMED.**